UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

GENESIS COROMOTO TORREALBA MORA,

Petitioner,

v.

HERNANDEZ, et al.,

Respondents.

CASE NO. 2:26-cv-03626-JHC

**ORDER**

**I**

**INTRODUCTION**

This matter comes before the Court on Genesis Coromoto Torrealba Mora's Petition for Writ of Habeas Corpus. Dkt. # 1. The Court has reviewed the materials filed in support of and in opposition to the petition, the rest of the record, and the governing law. Being fully advised, for the reasons below, the Court GRANTS the petition.

**II**

**BACKGROUND**

Petitioner is a citizen of Venezuela and entered the United States with her partner and two children in September 2023 because of political violence. Dkt. # 2 at 1-2. Immigration authorities detained Petitioner when she entered the country. Dkt. # 2 at 2.

On September 29, 2023, immigration authorities issued Petitioner a Notice to Appear, classifying her as a noncitizen "present in the United States who has not been admitted or paroled," and charging her as removable under Section 212(a)(6)(A)(i) of the INA. Dkt. # 7-1 at 2. The same day, Petitioner was released on an order of her own recognizance (OREC). Dkt. # 7-2. Petitioner and her family then moved to Seattle. Dkt. # 2 at 2. She applied for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Dkt. # 7-3 at 5.

Respondents allege that Petitioner was required to check in with ICE every nine months. Dkt. # 6 at 2. Respondents contend that Petitioner missed check-ins in January 2025, October 2025, and on July 21, 2026. Dkt. # 6 at 2-3. Petitioner says that she "always did [her] best" to attend her ICE check-ins. Dkt. # 2 at 2. She acknowledges that she missed a check-in in October 2025, but explains that the absence was because her son was in the hospital, and when she sent a photograph to ICE to prove her location, they "said it was ok" and rescheduled the check-in. Dkt. # 2 at 2.

Respondents state that on September 10, 2026, ICE learned that Petitioner failed to report in violation of her OREC and got a warrant for her arrest. Dkt. # 7-3 at 3. The same day, ICE detained Petitioner while she was at work. Dkt. # 7-3 at 4; Dkt. # 2 at 3.

Petitioner is currently detained at the Northwest ICE Processing Center. Dkt. # 1-1 at 2. She has a husband, an eight-year-old son, and a three-year-old daughter; and she is involved in her local church community. Dkt. # 2 at 2-3.

## III

## DISCUSSION

Federal district courts may grant a writ of habeas corpus if a person "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(a), (c). "The petitioner carries the burden of proving by a preponderance of the evidence that [they are] entitled to habeas relief." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

Petitioner argues that her detention is governed by 8 U.S.C. § 1226(a) and that she is entitled to habeas relief because her arrest and re-detention without notice or a pre-deprivation hearing violated her right to due process under the Fifth Amendment of the U.S. Constitution. Dkt. # 1 at 10-11, 14.

Respondents contend that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) as an applicant for admission who was initially processed near the United States border. Dkt. # 5 at 4. But Respondents also acknowledge that courts in this District have repeatedly found that noncitizens released on an OREC who live in the United States for years before re-detention fall outside of 8 U.S.C. § 1225(b)'s mandatory detention scheme and are detained under 8 U.S.C. § 1226(a). Dkt. # 5 at 5; *see Herrera Gomez v. Wamsley*, 2026 WL 279966, at *2 (W.D. Wash. Feb. 3, 2026) (concluding that the re-detention of a petitioner initially encountered at the border and then released on an OREC was governed by 8 U.S.C. § 1226(a)); *Ledesma Gonzalez v. Bostock*, 808 F. Supp. 3d 1189, 1197-98 (W.D. Wash. 2025) (same).

Regarding Petitioner's due process arguments, Respondents expressly acknowledge that "[t]he facts in this case are similar to prior cases where courts have found that ICE violated due process when re-detaining a noncitizen for violations of an OREC without a pre-deprivation

hearing." Dkt. # 5 at 6; *see Aslan v. Wamsley*, 2026 WL 238675, at *3 (W.D. Wash. Jan. 29, 2026) (concluding that the government violated the petitioner's due process rights by revoking his OREC based on an alleged missed ICE check-in without providing notice or a pre-deprivation hearing); *Randhawa v. Noem*, 2026 WL 628299, at *2-3 (W.D. Wash. Mar. 6, 2026) (same); *Hou v. Ice Field Off. Dir.*, 2026 WL 2184989, at *3-5 (W.D. Wash. July 29, 2026) (same). Respondents do not make any specific arguments regarding Petitioner's due process claims. *See* Dkt. # 5 at 6. They instead rest on arguments they advanced in another habeas petition matter, *Aparicio Alvarez v. Warden Northwest ICE Processing Center*, in which this Court granted the petitioner relief, concluding that the government violated his due process rights by re-detaining him without notice or a pre-deprivation hearing despite a misdemeanor conviction that may have violated his OREC. 2026 WL 2718366, at *2-4 (W.D. Wash. Sept. 15, 2026).

Accordingly, based on the cases cited above, the Court concludes that Petitioner has shown by a preponderance of the evidence that she is "in custody in violation of the Constitution or laws or treaties of the United States" and is therefore entitled to habeas relief. *See* 28 U.S.C. § 2241(c).

## IV

## CONCLUSION

For these reasons, the Court GRANTS the habeas petition (Dkt. # 1) and ORDERS that Petitioner be released from custody within 24 hours of this Order, subject to reasonable conditions. The Court further ORDERS that Petitioner shall not be re-detained until after a hearing before a neutral decisionmaker and adequate notice.

Petitioner also asks for leave to request attorney fees and costs under the Equal Access to Justice Act. *See* 28 U.S.C. § 2412(d)(1)(A). To be eligible for fees under the EAJA, a petitioner must submit an application within 30 days of final judgment. *See* 28 U.S.C. § 2412(d)(1)(B). Accordingly, Petitioner may file a motion with such request no later than November 19, 2026.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

DATED this 20th day of October, 2026.

John H. Chun
United States District Judge